JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7666 PA (AJWx) | Date | October 22, 2010 |
|---|---|---|---|
| Title | Thermark Holdings, Inc. v. Philadelphia Indem. Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendant Philadelphia Indemnity Insurance Company ("Defendant"). (Docket No. 1.) Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Plaintiff Thermark Holdings, Inc.'s ("Plaintiff") Complaint alleges that it was insured under a

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7666 PA (AJWx) | Date | October 22, 2010 |
|---|---|---|---|
| Title | Thermark Holdings, Inc. v. Philadelphia Indem. Ins. Co. | | |

combined Director's and Officers and Employment Practices Liability Policy ("Policy") issued by Defendant. The Policy provided that in certain situations Defendant would cover losses from a claim made against Plaintiff for certain "Employment Practice Acts." (Compl., Ex. A.) The Complaint alleges that Plaintiff was sued by a former employee, but that Defendant agreed to cover only 50% of the defense costs in violation of the Policy. Plaintiff brought this action, alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.

The Complaint seeks compensatory damages, punitive damages, attorneys' fees, and a declaration that Defendant reimburse Plaintiff for all defense fees and costs incurred in defending the action by Plaintiff's former employee. The Complaint does not allege any specific amount in damages. The Notice of Removal states that the amount of defense fees discussed in Plaintiff's prayer for declaratory judgment "is significantly more than the $75,000 jurisdictional requirement of this Court." (Notice of Removal ¶15.) To support this allegation Defendant supplies the declaration of its counsel, Serena Stark. Ms. Stark declares that she has engaged in settlement negotiations with Plaintiff's counsel, wherein they discussed the amount of outstanding attorneys' fees and costs owed to Plaintiff. Ms. Stark does not give a specific figure, but assures the Court that the amount is "significantly more" than $75,000. (Stark Decl. ¶ 2.)

Ms. Stark's declaration does not fulfill Defendant's burden to show that the amount in controversy is met, as it contains nothing more than a conclusory allegation. Ms. Stark states that she cannot disclose the actual amount that she discussed with Plaintiff's counsel because of the interest in maintaining the privilege and confidentiality of ongoing settlement negotiations. The Ninth Circuit has previously held that state mediation privilege does not prevent the use of settlement letters for purposes of establishing the amount in controversy in a notice of removal. See Babasa v. LensCrafters, Inc., 498 F.3d 972, 974-75 (9th Cir. 2007); c.f. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). Other courts have held that neither the duty of confidentiality nor any federal mediation privilege prevents the use of settlement letters or mediation documents as support for the amount in controversy when filing a notice of removal. See Munoz v. J.C. Penney Corp., Inc., No. CV09-0833 ODW (JTLx), 2009 WL 975846 at *3-4 (C.D. Cal. Apr. 9, 2009)(holding that neither federal mediation privilege nor the duty of confidentiality prevented introduction of a settlement demand letter, so long as the letter was being used for the limited purpose of showing that the amount in controversy is met in a notice of removal); Molina v. Lexmark Int'l, Inc., No. CV 08-04796 MMM (FMx), 2008 WL 4447678 at *9-*13 (C.D. Cal. Sept. 30, 2008)(same holding as to documents disclosed in mediation). Therefore, to the extent that Defendant asserts it is permitted to rely on the conclusory allegations of Ms. Stark because of privilege and the duty of confidentiality it is mistaken.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir.

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7666 PA (AJWx) | Date | October 22, 2010 |
|---|---|---|---|
| Title | Thermark Holdings, Inc. v. Philadelphia Indem. Ins. Co. | | |

2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. BC445374 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.